# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 17-0766** (Lewis County 16-F-78)

**Eyvonne Alexandria Thompson,**
**Defendant Below, Petitioner**

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Eyvonne Alexandria Thompson, by counsel G. Phillip Davis, appeals the Circuit Court of Lewis County's August 4, 2017, order sentencing her to an effective term of four to twenty years of incarceration following her delivery of a controlled substance convictions. The State, by counsel Robert L. Hogan, filed a response. On appeal, petitioner argues that the circuit court erred by considering an impermissible factor at sentencing, ordering a harsher sentence for her than for her codefendant, and prohibiting her from dismissing her second court-appointed attorney.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2016, the Lewis County grand jury returned a thirty-five-count indictment against petitioner charging her with fifteen counts of possession with intent to deliver various controlled substances, fifteen counts of conspiracy to possess controlled substances with intent to deliver, four counts of delivery of a controlled substance, and one count of felony child neglect. The grand jury also returned a thirty-five count indictment against petitioner's long-time boyfriend, John Burgess, alleging similar, but not identical, crimes. Notably, Mr. Burgess's charges included several misdemeanors whereas petitioner was charged solely with felonies.

On January 10, 2017, Mr. Burgess entered into a plea agreement with the State. Although his plea agreement was not made part of the appendix record, the circuit court's sentencing order reveals that Mr. Burgess pled guilty to three counts of possession of a controlled substance with intent to deliver and one count of conspiracy in exchange for the State's dismissal of the remaining charges. The circuit court sentenced Mr. Burgess to concurrent terms of not less than one nor more than five years of incarceration for each possession of a controlled substance with intent to deliver conviction and to one to five years for his conspiracy conviction, which was ordered to run consecutively to the concurrent sentences imposed for the possession with intent

1

to deliver convictions. Thus, Mr. Burgess received an effective two- to ten-year sentence.

On May 30, 2017, petitioner and the State appeared for a motions hearing.[1] The State informed the circuit court that it had offered to allow petitioner to plead guilty to four counts of delivery of a controlled substance in exchange for the dismissal of the remaining charges and the State's recommendation that she not receive a harsher sentence than Mr. Burgess's effective two- to ten-year sentence. Petitioner rejected the plea offer, but then indicated that she would like additional time to consider it. Accordingly, the State extended the offer until the date of the pretrial conference.

The circuit court held the pretrial conference on June 7, 2017, at which petitioner confirmed her rejection of the State's plea offer. Accordingly, the court scheduled jury selection for June 12, 2017, and the trial for June 15, 2017.

On June 12, 2017, the parties appeared for jury selection. Petitioner's counsel represented to the circuit court that petitioner informed him that she had retained the services of another attorney, James Hawkins, and wished to proceed with representation by Mr. Hawkins. Mr. Hawkins, however, had not filed a notice of appearance, so the court proceeded with jury selection with petitioner's appointed counsel.[2] Following jury selection, petitioner's counsel reported that he had conferred with Mr. Hawkins, who said that he had not, in fact, been retained.

On June 15, 2017, immediately before petitioner's trial was scheduled to commence, the parties reached a plea agreement. Pursuant to this agreement, petitioner agreed to plead guilty to the four counts of delivery of a controlled substance charges in exchange for the State's dismissal of the remaining charges. Before accepting petitioner's pleas, the circuit court made sure that petitioner understood the possible sentence she faced. Petitioner understood that she faced an effective four- to twenty-year sentence, and the circuit court further explained, "All right, now, you know, I think what had happened was there'd previously been a different offer where the State was going to recommend something; but they're not recommending anything at this point in time. Do you understand that?" Petitioner responded affirmatively. Later, however, petitioner informed the court that she "thought it was just the two (2) to ten (10) from what we - ." The circuit court again informed petitioner that the State's plea offer no longer contained the agreement to recommend an effective two- to ten-year sentence. Petitioner asked for additional time to confer with her attorney, but ultimately agreed to the State's offer and entered her guilty pleas as outlined above. Petitioner informed the court that she was satisfied with her attorney's representation of her.

Petitioner's sentencing hearing was held on July 31, 2017. Counsel for petitioner argued for concurrent sentences, stating that Mr. Burgess received an effective two- to ten-year sentence. The circuit court noted that, "[o]f course, he came in and took the plea offer that had been made by [the State] and your client; we picked a jury and were ready for trial and then - , so the plea offer changed as far as a recommendation for the State because of that." The State

---

[1]Prior to this hearing, petitioner requested, and was appointed, new counsel.

[2]The record also appears to reflect that Mr. Hawkins was not present for jury selection.

recommended consecutive sentences because, among other reasons, the State said it

> had offered what [it] thought was beyond a fair plea offer initially for the two (2) to ten (10) and [petitioner] chose not to take that and quite frankly, Your Honor, I feel like she was playing the system hoping that she could take it up to the last minute and I would come in here and make her a better offer than that and of course that didn't happen.

The circuit court sentenced petitioner to consecutive terms of not less than one nor more than five years of incarceration for each of her four convictions, resulting in an effective four- to twenty-year sentence. In reaching this disposition, the court considered

> this case in general. I just counted loosely there – I counted out there were thirty-five (35) counts in this indictment. One involving [a] child neglect situation which the allegation was that – because of drug usage the child was walking alone – small child, down there in Jane Lew on the – on "19" which is pretty busy down there. And – of course there's a bunch of drug charges in this and some of those stem from the – separate law enforcement agencies doing investigations are bias [sic]. As [the prosecutor] says that – this involved crystal methamphetamine which, you know, those type of drugs are the type [of] drugs that destroy people's lives and I mean, it's – I'm sure it's had a huge impact in the negative sense on your life[.] . . . But, as I look through [the] pre-sentence investigation report, you know, read the cases that they had against you; and this is all very serious. And like I said, there w[ere] thirty-five (35) counts, so part of this deal is that you plead to four (4) counts and the remaining thirty-one (31) counts are dismissed. So, you know, I take all those things into consideration, and I've looked at your criminal history. It's not extensive but it's not like you haven't been in any trouble before either. And it's not like it's the first time you've been in trouble as it relates to drugs. So, you know, I take all those things into consideration and you know, as it relates to this, you did end up pleading in this case, but, you know, we had gone through the process of picking a jury and came in here and had the jury ready to go. And I remember, you know, as it relates to this, you asked for additional time when we came in here to consider this case and the prosecutor extended that to you and then when we came back in here you decided that you didn't want that plea offer, which was your right. But then when we came in here on the day of trial you decided you did. And then we went through the thing of – where she changed the recommendation to say that she wasn't going to recommend that these sentences run concurrent, or make that recommendation here today. And then you said you didn't want that. So, we went through that and we came back into Court again and then you changed your mind and said you did want it, so we took your plea at that time, which gave you, like I said, a great deal of benefit because there were thirty-one (31) counts in this indictment against you that are going to be dismissed because of the plea. So, I've taken all those things into consideration[.]

Petitioner's sentences were memorialized in the circuit court's August 4, 2017,

sentencing order, and it is from this order that she appeals.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W.Va. 231, 565 S.E.2d 353 (2002). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review."[3] Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). In sum, "[i]t is not the proper prerogative of this Court to substitute its judgment for that of the trial court on sentencing matters, so long as the appellant's sentence was within the statutory limits, was not based upon any impermissible factors, and did not violate constitutional principles." *State v. Georgius*, 225 W.Va. 716, 722, 696 S.E.2d 18, 24 (2010).

In petitioner's first assignment of error, she contends that the circuit court's consideration at sentencing of the delay in entering into a plea agreement constitutes an impermissible factor. Petitioner asserts that this delay "was the primary focus of the circuit court's consideration at sentencing." Petitioner argues that her limited criminal background, completion of "some college," and acceptance of responsibility warranted a lighter sentence.

We find no merit to petitioner's assertion that her delay in entering a plea agreement was the "primary focus" of the circuit court's sentencing determination or in her argument that consideration of such is impermissible. Importantly, petitioner cites to no law prohibiting a circuit court from considering procedural aspects of a defendant's case in sentencing, especially where that procedure is relevant to the State's dispositional recommendation. Although petitioner was initially offered an agreement that included the State's agreement to recommend an effective two- to ten-year sentence, petitioner rejected that agreement. The agreement into which she ultimately entered with the State contained no such provision. Moreover, as detailed above, the circuit court considered a number of factors in sentencing petitioner, including the seriousness of the charges against her, her criminal history, and the benefit of her bargain. We have previously approved a circuit court's consideration of a defendant's "involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse." Syl. Pt. 2, in part, *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984). Accordingly, we find that the circuit court did not abuse its discretion in this regard.

Next, petitioner claims that, "[d]espite being similarly situated[,]" she erroneously received a harsher sentence than Mr. Burgess. Petitioner highlights that she and Mr. Burgess were both charged in thirty-five-count indictments, pled guilty to four counts, "appear[] to be equally culpable, and neither appeared to be a prime mover in the conspiracy."

We have previously held that "[d]isparate sentences for codefendants are not per se unconstitutional." *Buck*, 173 W.Va. at 244, 314 S.E.2d at 407, Syl. Pt. 2, in part. As set forth above, to justify different sentences for codefendants, a circuit court may consider "many factors such as each codefendant's respective involvement in the criminal transaction (including who

---

[3]It is undisputed that petitioner's sentences were within statutory limits.

was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse. If codefendants are similarly situated, some courts will reverse on disparity of sentence alone." *Id.* We noted at the outset that petitioner and Mr. Burgess pled guilty to separate and distinct offenses. Additionally, petitioner failed to include Mr. Burgess's sentencing hearing transcript or any other document to support her assertions that she and Mr. Burgess were "equally culpable" and that "neither appeared to be a prime mover in the conspiracy." The lack of this record also precludes a comparison of the factors the circuit court considered in sentencing Mr. Burgess with those considered in sentencing petitioner. Thus, petitioner has failed to establish any abuse of discretion in the circuit court's imposition of different sentences.

Petitioner's final argument on appeal is that the circuit court erred in not allowing her to dismiss her second court-appointed attorney. Petitioner contends that the she requested substitution of counsel "in good faith" and that the circuit court's denial of her request "resulted in prejudice to her cause."

We find no merit to this assignment of error. It is well-settled that "an indigent defendant is entitled to competent counsel," but a defendant "is not entitled to the appointment of any particular lawyer and may only reject representation by his court-appointed counsel for good cause." Syl. Pt. 2, *Watson v. Black*, 161 W.Va. 46, 239 S.E.2d 664 (1977). "The preeminent condition precedent of a motion to change court-appointed counsel is a showing of good faith." *Id.* at 53, 239 S.E.2d at 668. Although petitioner claimed to have retained other counsel, that other attorney disclaimed having been retained. Moreover, to the extent petitioner is arguing that her court-appointment counsel should have, nonetheless, been dismissed despite the fact that other counsel had not been retained, petitioner offered no basis for rejecting her attorney before the circuit court and has similarly failed to articulate any basis on appeal. Accordingly, we find no error in the circuit court's denial of her request to proceed with an attorney she never retained.

For the foregoing reasons, the circuit court's August 4, 2017, sentencing order is hereby affirmed.

Affirmed.

**ISSUED:** October 12, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating